UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COLEON LEE CARROLL,

    Plaintiff,

    v.

CITY OF HERCULES, *et al.*,

    Defendants.
_____/

No. C-11-3378 EMC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**(Docket No. 15)**

        Plaintiff Coleon Lee Carroll has filed suit against Defendants the City of Hercules and its police department, asserting that they violated his civil rights when the police shot him in his house during the execution of a search warrant. *See* 42 U.S.C. § 1983. Currently pending before the Court is Defendants' motion to dismiss. Having reviewed the papers submitted,[1] the Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for April 6, 2012. The Court **GRANTS** Defendants' motion to dismiss but gives Mr. Carroll leave to amend.

### I.    FACTUAL & PROCEDURAL BACKGROUND

        In his complaint, Mr. Carroll alleges as follows. On July 9, 2009, at approximately 7:00 a.m., police officers for the City arrived at Mr. Carroll's house to execute a search warrant. Mr. Carroll was asleep at the time but woke up when he heard the sound of glass shattering. Mr. Carroll got out of bed and, as he entered the door to his mother's bedroom, the police shot him. According

---

[1] Mr. Carroll did not file an opposition to the motion to dismiss.

to Mr. Carroll, the police officers acted without warning and without any provocation. *See* Compl. at 3-4.

Based on the above allegations, Mr. Carroll has brought a claim pursuant to 42 U.S.C. § 1983. Although he has not identified what federal rights were violated, presumably, he is asserting at least a claim for excessive force in violation of the Fourth Amendment. At this juncture, Mr. Carroll is suing both the City of Hercules and its police department. Mr. Carroll also appears to be suing the police officers who executed the search warrant (*i.e.*, the Doe Defendants), although at this point their identities have not been discovered.

## II. DISCUSSION

A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

B. Municipal Liability

As noted above, Mr. Carroll has filed suit against only the City of Hercules and its police department pursuant to § 1983. Because the police department is simply an agency of the City, the § 1983 claim against the police department is essentially duplicative of the claim against the City.

*See, e.g.*, *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing the Santa Clara County Department of Corrections from a § 1983 action and noting that "[t]he County is a proper defendant in a § 1983 claim, an agency of the County is not"); *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) (noting that, "although some courts have overlooked it, naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality"). Accordingly, the basic question presented to the Court is whether Mr. Carroll has adequately stated a claim for relief pursuant to § 1983 against the City.

According to the City, Mr. Carroll has not. The Court agrees. "Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability. Instead, plaintiffs must establish that 'the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered.'" *AE v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). In the instant case, Mr. Carroll has not included any allegations indicating that the City had such a policy, custom, or practice. Indeed, there are no allegations in the complaint related to the City at all. In the absence of such allegations, the complaint must be dismissed.

The dismissal, however, shall be without prejudice; that is, the Court hereby gives Mr. Carroll leave to file an amended complaint to include allegations establishing a basis for City liability. *See id.* at 637-68 (indicating that leave to amend should be given unless amendment would be futile). The Court does not express any opinion as to the liability of the Doe Defendants as no motion to dismiss has been filed on their behalf.

///
///
///
///
///
///
///
///

### III. CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss but gives Mr. Carroll leave to file an amended complaint. Mr. Carroll has thirty (30) days from the date of this order to file an amended complaint addressing the deficiency identified above. Mr. Carroll is forewarned that, if no amended complaint is timely filed, then the Clerk of the Court shall dismiss with prejudice the claims against the City and its police department.

Mr. Carroll is advised he may seek advice from the Legal Help Center. For Mr. Carroll's benefit, the Court has appended to this order a flyer containing information about the Legal Help Center. A copy of the Handbook for Litigants Without a Lawyer is available at the Clerk's Office and on the Court's website – http://cand.uscourts.gov and more specifically, http://cand.uscourts.gov/proselitigants.

This order disposes of Docket No. 15.

IT IS SO ORDERED.

Dated: April 3, 2012

_____
EDWARD M. CHEN
United States District Judge